¶ 20 I respectfully dissent from the decision of the majority, and would instead reverse the trial court's order for nightly telephone contact between the parties' three children and the non-residential parent on an abuse of discretion finding.
 {¶ 21} R.C. 3105.051(A) requires the domestic relations court to make a "just and reasonable order" permitting the non-residential parent "to have parenting time with the child(ren) at the time and under the conditions that the court directs." Parenting time is not defined, but it is necessarily encompassed within the right that R.C. 3109.04(A)(1) confers on the non-residential parent "to have continuing contact with the children." That right of continuing contact is one of the residual rights remaining for enforcement by the court after the court has "allocate(d) the parental rights and responsibilities for the case of the children primarily to one of the parents," who is designated the "residential parent." Id.
 {¶ 22} A non-residential parent's right of continuing contact exercised through a parenting time order is necessarily servient to the primary rights and responsibilities for care of the children awarded to the residential parent. Unlike the issue of custody, in which per R.C.3109.03 the parents enjoy an equal status, a parenting time order requires that appropriate deference be given to the primacy of the residential parent's right to order the children's daily lives in a way appropriate to that parent's responsibilities for the children's best interests.
 {¶ 23} Here, nightly telephone contact is feasible, in the sense that it's possible, but that's not determinative of whether the court's order that it take place is "just and reasonable." R.C. 3105.051(A). That standard requires that acknowledgment of the residential parent's need and ability to manage and control the children's daily schedules. The trial court appears to have given the residential parent's objection on that ground insufficient consideration, looking instead to what is feasible, and equating the non-residential parent's desires with the residential parent's needs.
 {¶ 24} Nightly telephone contact is surely an extraordinary form of relief in a case of this kind. Here, it appears to be the product of the non-residential parent's refusal to comply with the court's counseling requirements and/or to take advantage of the court's prior orders allowing him supervised, face-to-face access to the children. It is unreasonable to instead award him nightly telephone contact which unduly burdens the residential parent's primary right and responsibility for the children's care. The court's order is therefore not just and reasonable. R.C. 3105.051(A). I would reverse on a finding that the court abused its discretion when it ordered nightly telephone contact.